SCOOBA MANUFACTURING COMPANY, Petitioner Cross-Respondent,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent Cross-Petitioner.

No. 81–4411
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1982.

Armin J. Moeller, Jr., Jackson, Miss., for petitioner cross-respondent.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Howard E. Perlstein, Stephen C. Smith, Washington, D.C., for respondent cross-petitioner.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Scooba Manufacturing Company produces work gloves at its plant in Shuqualak, Mississippi. Scooba employed Lucille Willie as a sewer at that plant. George Welch was the vice-president of operations until 1980. After a heated argument between Willie and Welch, Willie was discharged. The General Counsel of the National Labor Relations Board alleged that Scooba had violated sections 8(a)(1) and (3) of the National Labor Relations Act by discharging Willie. An administrative law judge found that Scooba had violated the act, and the Board adopted the ALJ's recommended order. Scooba filed a petition for review before this court, and the Board cross-petitioned for enforcement of its order. Because we conclude that Willie was not engaged in activity protected by the NLRA, we set aside the Board's order, grant the petition for review, and deny the petition for enforcement.

Willie was working at her station one day when she learned that Scooba had fired a fellow employee who also happened to be her son. The trauma of the moment brought on a headache, and she left her station to get some aspirin from Welch's office. A vigorous argument ensued between Willie and Welch regarding her son's discharge. The escalating argument gradually turned to Willie's own work performance and absenteeism. To substantiate his arguments, Welch ordered a plant supervisor to retrieve Willie's production records. When the supervisor returned, Willie started to leave the room. As she reached the doorway, she turned to Welch and angrily proclaimed: "It would be nice if it was a union here. A whole lot of things going on wouldn't be going on." With that, she stormed out.

Desiring to have the last word, Welch summoned Willie. When she returned, he vociferated: "You just fired your damn self. Don't nobody threaten me with no damn union because this is my plant, and I run it any damn way I want." He sent the supervisor to obtain Willie's time records. Willie was given her final paycheck and sent home. Before leaving, Welch told Willie to return the following Monday with her husband to talk about the situation. Willie never returned.

Willie testified that she never engaged in any union activity. No labor organization represented the Scooba workforce. There had never been a union-organizing campaign at the Scooba plant.

Section 7 of the NLRA, 29 U.S.C. § 157, guarantees employees the right to form, join and assist labor organizations, "and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid and protection . . . ." Scooba has been accused of improperly interfering with those rights.

■ The mere fact that an employee acts alone does not preclude treatment of his action as a protected activity under the Act. *Richardson Paint Co. v. NLRB,* 574 F.2d 1195, 1207 (5th Cir.1978). That individual employee, however, must be engaging in the activity with the object of initiating, inducing or preparing for group action. It is essential that the activity have some relation to group action in the interest of the employees. *NLRB v. McCauley,* 657 F.2d 685, 688 (5th Cir.1981); *Anchortank, Inc. v. NLRB,* 618 F.2d 1153, 1161 (5th Cir.1980); *NLRB v. Buddies Supermarkets, Inc.,* 481 F.2d 714, 717–19 (5th Cir.1973); *Southwest Latex Corp. v. NLRB,* 426 F.2d 50, 56 n. 3 (5th Cir.1970). Absent substantial evidence that the discharged employee was seeking to instigate some form of group action, dialogue with management is not a protected activity. *NLRB v. Datapoint Corp.,* 642 F.2d 123, 128 (5th Cir.1981); *Buddies Supermarkets, Inc.,* 481 F.2d at 718; *Mushroom Transportation Co. v. NLRB,* 330 F.2d 683, 685 (3d Cir.1964). *See McCauley,* 657 F.2d at 688 ("Individual

griping and complaining are not protected concerted activity.")

■ We have searched the record in vain for evidence that Willie's exchange with Welch was "talk looking toward group action." *Buddies Supermarkets* at 718. There is no indication that Willie was acting as a spokeswoman for her fellow employees. The record shows no prior effort at organization by any other employee or group, nor does it show any prior talk about collective bargaining by any employees. Willie's remark was the product of a purely personal dispute with Welch.

The Board argues that we are bound by *NLRB v. McCauley,* 657 F.2d 685 (5th Cir. 1981). That case is easily distinguishable from this one. In *McCauley,* an employee named Richard Beck talked with at least two of his fellow employees concerning their working conditions and the possibility of unionization. Beck then met with several management officials. He made numerous complaints, and continually emphasized that he was acting on behalf of all employees. One of the supervisors forbade him from discussing the issues with other workers. Beck answered that the company "left him no alternative except to contact the local union representative to come in and try to bargain." *Id.* at 687. Beck was discharged on the spot. We held that Beck's actions "were clearly a predicate for possible group activity." *Id.*

Unlike the employee in *McCauley,* Willie never discussed the possibility of unionization with other Scooba employees. She did not purport to act on behalf of other workers. She did not threaten to contact a union, but merely stated that she thought one would be "nice." It is obvious that *McCauley* involved an entirely different situation from that involved in this case.

■ In effect, the Board urges that if any employee uses the word "union" in a conversation with his superiors he or she is automatically engaged in protected concerted activity. We do not agree. Purely personal disputes are not within the protection of the Act. The General Counsel must

show that some sort of collective worker action is contemplated. That was not done here. We therefore set aside its order. Scooba's petition for review is GRANTED. The Board's cross-petition for enforcement is DENIED.